MICHAEL C. HETEY, ESQ.
Nevada Bar No. 5668
HAROLD J. ROSENTHAL, ESQ.
Nevada Bar No. 10208
THORNDAL ARMSTRONG DELK
BALKENBUSH & EISINGER
1100 East Bridger Avenue
Las Vegas, NV 89101-5315
  Mail To:
  P.O. Box 2070
  Las Vegas, NV 89125-2070
Tel.: (702) 366-0622
Fax: (702) 366-0327
mch@thorndal.com
hjr@thorndal.com

Attorneys for Defendants
CLAUDE HAWKINS, JR. and FIRST CLASS
SERVICE TRUCKING COMPANY INC. d/b/a
FIRST CLASS SERVICE

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AMANDA MICHELLE WEEKS, individually,<br><br>Plaintiff,<br><br>vs.<br><br>CLAUDE HAWKINS, JR., individually; FIRST CLASS SERVICE TRUCKING COMPANY INC. d/b/a FIRST CLASS SERVICE, a foreign corporation; DOE INDIVIDUALS 1-20, inclusive; and ROE CORPORATIONS 1-20, inclusive,<br><br>Defendants. | CASE NO.  2:21-cv-1256<br><br>**DEFENDANTS CLAUDE HAWKINS, JR. AND FIRST CLASS SERVICE TRUCKING COMPANY INC. D/B/A FIRST CLASS SERVICE'S PETITION FOR REMOVAL TO FEDERAL COURT** |

**<u>DEFENDANTS CLAUDE HAWKINS, JR. AND FIRST CLASS SERVICE TRUCKING COMPANY INC. D/B/A FIRST CLASS SERVICE'S PETITION FOR REMOVAL TO FEDERAL COURT</u>**

Defendants CLAUDE HAWKINS, JR. and FIRST CLASS SERVICE TRUCKING

COMPANY INC. d/b/a FIRST CLASS SERVICE ("Defendants"), by and through their

attorneys of record, THORNDAL ARMSTRONG DELK BALKENBUSH & EISINGER, .

hereby removes Case Number A-21-833898-C from the Eighth Judicial District Court for Clark

County, Nevada to the United States District Court for the District of Nevada pursuant to 28 United States Code sections 1441 and 1332. A true and correct copy of the Complaint is attached hereto as Exhibit A.

On May 2, 2021, Plaintiff AMANDA MICHELLE WEEKS filed a Complaint in the Eighth Judicial District for Clark County Nevada, alleging causes of action for Negligence, Negligence Per Se, Negligent Entrustment and Respondeat Superior. Plaintiff alleges she is a resident of Clark County, Nevada. Defendant CLAUDE HAWKINS, JR. is a resident of the State of California and Defendant FIRST CLASS SERVICE TRUCKING COMPANY INC. d/b/a FIRST CLASS SERVICE is a California Corporation with its principal place of business in Tracy, California.

This Petition is timely because Defendant CLAUDE HAWKINS, JR. was served on June 5, 2021 by personal service and Counsel for FIRST CLASS SERVICE TRUCKING COMPANY INC. accepted service on June 9, 2021. Defendants are informed and believe, based upon Plaintiff's Complaint and her pre-litigation documentation asserting $58,015.58 through March 2021 in past medical specials, plus allegations of continuing treatment so there is over $75,000.00 in controversy.

DATED this 2nd day of July 2021.

THORNDAL ARMSTRONG DELK
BALKENBUSH & EISINGER

*/s/ Michael C. Hetey, Esq.*
MICHAEL C. HETEY, ESQ.
Nevada Bar No. 5668
HAROLD J. ROSENTHAL, ESQ.
Nevada Bar No. 10208
1100 East Bridger Avenue
Las Vegas, Nevada 89101
Attorneys for Defendants
CLAUDE HAWKINS, JR. and FIRST CLASS
SERVICE TRUCKING COMPANY INC. d/b/a
FIRST CLASS SERVICE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 2nd day of July 2021, service of the above and foregoing **DEFENDANTS CLAUDE HAWKINS, JR. AND FIRST CLASS SERVICE TRUCKING COMPANY INC. D/B/A FIRST CLASS SERVICE'S PETITION FOR REMOVAL TO FEDERAL COURT** was made on all parties by placing a true and correct copy thereof in a sealed envelope placed in the United States Mail, postage pre-paid and addressed as follows.

Garnet E. Beal, Esq.
Dimopoulos Law Firm
6671 S. Las Vegas Blvd., Suite 725
Las Vegas, NV 89119
(702) 800-6000
gb@stevedimopoulos.com

*/s/ Jennifer Hodge*
An employee of THORNDAL ARMSTRONG DELK BALKENBUSH & EISINGER

**EXHIBIT A**

Electronically Filed
5/2/2021 10:06 AM
Steven D. Grierson
CLERK OF THE COURT

1  COMP
   STEVE DIMOPOULOS, ESQ.
2  Nevada Bar No.: 12729
   GARNET E. BEAL, ESQ.
3  Nevada Bar No.: 12693
   DIMOPOULOS INJURY LAW
4  6671 South Las Vegas Blvd., Suite 275
   Las Vegas, NV 89119
5  O: (702) 800-6000
   F: (702) 224-2114
6  gb@stevedimopoulos.com
   *Attorneys for Plaintiff*

CASE NO: A-21-833898-C
Department 2

### DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| AMANDA MICHELLE WEEKS, individually, <br><br> Plaintiff, <br><br> vs. <br><br> CLAUDE HAWKINS, JR., individually; FIRST CLASS SERVICE TRUCKING COMPANY INC. d/b/a FIRST CLASS SERVICE, a foreign corporation; DOE INDIVIDUALS 1-20, inclusive; and ROE CORPORATIONS 1-20, inclusive, <br><br> Defendants. | CASE NO.: <br> DEPT NO.: <br><br><br> **COMPLAINT** |

Plaintiff Amanda Michelle Weeks, by and through her counsel, GARNET E. BEAL, ESQ. of the DIMOPOULOS INJURY LAW, and for her Complaint against the Defendants, and each of them alleges as follows:

### GENERAL ALLEGATIONS

1. At all times relevant herein, Plaintiff Amanda Michelle Weeks ("Plaintiff") is and was a resident of Clark County, State of Nevada.

2. Upon information and belief at all times relevant herein Defendant Claude Hawkins, Jr. ("Defendant") is and was a resident of the State of California.

. . .

. . .

. . .

Page 1 of 7

3. Upon information and belief and at all times relevant herein, Defendant FIRST CLASS SERVICE TRUCKING COMPANY, INC. d/b/a FIRST CLASS SERVICE ("FIRST CLASS SERVICE") is and was at all times relevant herein, a foreign corporation authorized to conduct business and doing business in the State of Nevada. At all times relevant to these proceedings, Defendant was an authorized agent and/or employee of FIRST CLASS SERVICE acting within the course and scope of his agency or employment.

4. The true names and capacities of Defendants named herein as DOES I through X, and ROE BUSINESS ENTITIES I through X, whether individual, corporate, associate, or otherwise, are presently unknown to Plaintiff, who, therefore, sues said defendants so designated herein is responsible in some manner for the events and occurrences referred to herein alleged, and Plaintiff will request leave of Court to amend this Complaint to insert the true names and capacities of DOES I through X, and ROE BUSINESS ENTITIES I through X, when the same have been ascertained and to join such defendants in this action.

5. On or about May 7, 2019, Defendant was the operator of 2016 Peterbilt Truck Tractor bearing California license plate WP61014 and was in the course and scope of his employment with FIRST CLASS SERVICE.

6. At all times relevant herein, FIRST CLASS SERVICE is and was the owner of the vehicle operated by Defendant. Defendant operated said vehicle with the full knowledge, permission and consent of FIRST CLASS SERVICE.

7. On or about May 7, 2019 Plaintiff was operating her 2014 Hyundai Elantra northbound on Decatur Blvd. in the right turn lane attempting to head eastbound on the IR215 onramp, in Las Vegas, Clark County, Nevada.

8. As Plaintiff's vehicle came to a complete stop, Defendant, who was operating his vehicle directly behind Plaintiff's vehicle, failed to stop, causing the front of his vehicle to rear-end Plaintiff's vehicle. The impact caused Plaintiff to sustain personal injuries as set forth herein.

. . .

. . .

. . .

## FIRST CLAIM FOR RELIEF

(Negligence-Defendant Hawkins)

Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 8, as though fully set forth herein.

9. On or about May 7, 2019, the Defendant had a duty to operate his vehicle in a careful and prudent manner.

10. Defendant breached this duty when he operated his vehicle in a negligent, careless and reckless manner when he failed to pay full attention to driving, failed to stop for slowing traffic and rear-ended Plaintiff's vehicle causing it to impact Plaintiff's vehicle, thereby causing the subject collision as well as causing damages and injuries to Plaintiff.

11. By reason of the premises and as a direct and proximate result thereof, Plaintiff sustained injuries to her head, neck, back, bodily limbs, organs, and systems all or some of which conditions may be permanent and disabling in nature, all to her general damage in a sum in excess of $15,000.

12. By reasons of the premises and as a direct and proximate result of the aforementioned, Plaintiff was required to and did receive medical and other treatment for her injuries received in an expense all to her damage in a sum in excess of $15,000. Said services, care, and treatment are continuing and shall continue in the future, at a presently unascertainable amount, and Plaintiff will amend her Complaint accordingly when the same shall be ascertained.

13. Prior to the injuries complained herein, Plaintiff was an able-bodied person readily and gainfully employed and physically capable of engaging in all other activities for which she was otherwise suited.

14. By reason of the premises and as a direct and proximate result of the Defendants' negligence, Plaintiff has been required to and did lose time from her employment, continues to and shall continue to be limited in each of her activities and occupations which have caused and shall continue to cause Plaintiff's loss of earnings and earning capacity to Plaintiff's damage in a presently unascertainable amount. In this regard, Plaintiff asks leave of this Court to insert said

amount when the same shall be fully ascertained.

15. Plaintiff has been compelled to retain the services of an attorney to prosecute this action and, therefore, entitled to reasonable attorney's fees and costs incurred herein.

## SECOND CLAIM FOR RELIEF

### (Negligence Per Se-Defendant Hawkins)

Plaintiffs repeats and realleges the allegations contained in Paragraphs 1 through 15, as fully set forth herein.

16. Defendant had a duty to operate his vehicle in accordance with the traffic laws of the State of Nevada.

17. Defendant violated the laws of the State of Nevada by operating his vehicle in a negligent, careless and reckless manner, by failing to pay full attention to driving, following to close and thus, rear-ending a vehicle causing it to impact Plaintiff's vehicle, thereby causing damages and injuries to Plaintiff. Thus, Defendant is negligent per se.

18. By reason of the premises and as a direct and proximate result thereof, Plaintiff sustained injuries to her head, neck, back, bodily limbs, organs, and systems all or some of which conditions may be permanent and disabling in nature, all to her general damage in a sum in excess of $15,000.

19. By reasons of the premises and as a direct and proximate result of the aforementioned, Plaintiff was required to and did receive medical and other treatment for her injuries received in an expense all to her damage in a sum in excess of $15,000. Said services, care, and treatment are continuing and shall continue in the future, at a presently unascertainable amount, and Plaintiff will amend her Complaint accordingly when the same shall be ascertained.

20. Prior to the injuries complained herein, Plaintiff was an able-bodied person readily and gainfully employed and physically capable of engaging in all other activities for which she was otherwise suited.

. . .

. . .

## THIRD CLAIM FOR RELIEF

### (NEGLIGENCE ENTRUSTMENT-DEFENDANT FIRST CLASS SERVICE)

Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 20, as fully set forth herein.

21.  FIRST CLASS SERVICE entrusted said vehicle to Defendant when they allowed him to drive said vehicle.

22.  FIRST CLASS SERVICE knew or should have known that the Defendant lacked the skill and necessary training in operating a motor vehicle entrusted to him. As such, FIRST CLASS SERVICE knew or should have known of the significant hazards arising from the operating of said motor vehicle on public streets.

23.  FIRST CLASS SERVICE knew or should have known that the entrustment of said vehicle to Defendant would inflict damages to person and property using public streets, including Plaintiff.

24.  FIRST CLASS SERVICE had a duty to only trust said vehicle to qualified and competent drivers.

25.  FIRST CLASS SERVICE breached this duty when they entrusted the vehicle to Defendant.

26.  By reason of the premises and as a direct and proximate result thereof, Plaintiff sustained injuries to her head, neck, back, bodily limbs, organs, and systems all or some of which conditions may be permanent and disabling in nature, all to her general damage in a sum in excess of $15,000.

27.  By reasons of the premises and as a direct and proximate result of the aforementioned, Plaintiff was required to and did receive medical and other treatment for her injuries received in an expense all to her damage in a sum in excess of $15,000. Said services, care, and treatment are continuing and shall continue in the future, at a presently unascertainable amount, and Plaintiff will amend her Complaint accordingly when the same shall be ascertained.

. . .

28. Prior to the injuries complained herein, Plaintiff was an able-bodied person readily and gainfully employed and physically capable of engaging in all other activities for which she was otherwise suited.

## FOURTH CLAIM FOR RELIEF

(RESPONDEAT SUPERIOR-DEFENDANT FIRST CLASS SERVICE)

Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 28, as if fully set forth herein.

29. FIRST CLASS SERVICE entrusted said truck to Defendant in order to generate income and profits.

30. Defendant is and was an employee of FIRST CLASS SERVICE and under the supervision and control of FIRST CLASS SERVICE at the time of the accident described herein.

31. At all times relevant herein, Defendant was acting within the scope and course of his employment with FIRST CLASS SERVICE at the time of the accident described herein.

32. By reason of the premises and as a direct and proximate result thereof, Plaintiff sustained injuries to her head, neck, back, bodily limbs, organs, and systems all or some of which conditions may be permanent and disabling in nature, all to her general damage in a sum in excess of $15,000.

33. By reasons of the premises and as a direct and proximate result of the aforementioned, Plaintiff was required to and did receive medical and other treatment for her injuries received in an expense all to her damage in a sum in excess of $15,000. Said services, care, and treatment are continuing and shall continue in the future, at a presently unascertainable amount, and Plaintiff will amend her Complaint accordingly when the same shall be ascertained.

34. Prior to the injuries complained herein, Plaintiff was an able-bodied person readily and gainfully employed and physically capable of engaging in all other activities for which she was otherwise suited.

. . .

. . .

WHEREFORE, Plaintiff Amanda Michelle Weeks prays for judgment on all claims for relief as follows:

1. General damages in excess of $15,000.00.
2. Special damages in excess of $15,000.00.
3. Lost wages in an amount yet to be determined.
4. Costs of suit incurred including reasonable attorneys' fees.
5. For such other relief as the Court deems just and proper.

DATED this 2nd day of May 2021.

**DIMOPOULOS INJURY LAW**

*/s/ Garnet E. Beal*

_____
GARNET E. BEAL, ESQ.
Nevada Bar No. 12693
6671 South Las Vegas Blvd., Suite 275
Las Vegas, NV 89119
Attorneys for Plaintiff